UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13-cv-137-RJC

| | |
|---|---|
| JAMES HALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| JOHN BRADSHAW, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court upon receiving notices from the Haywood Correctional Center dated May 21 and May 30, 2013 that mail sent from the Court to Plaintiff John Hall at the correctional center was undeliverable. (Doc. No. 5). Plaintiff filed this action on May 13, 2013, pursuant to 42 U.S.C. § 1983, naming as Defendant jail sergeant John Bradshaw, and alleging essentially that Defendant Bradshaw deprived Plaintiff of his First Amendment right to exercise his religious beliefs as a Native American, including his rights to have a Native American Bible, prayer circle, prayer stones, and other religious pieces. (Doc. No. 1 at 2).

The current listed address for Plaintiff is the Haywood Correctional Center at 1620 Brown Ave., Waynesville, NC 28786. The mail returned as undeliverable from the Haywood Correctional Center states that Plaintiff is no longer at the Haywood Correctional Center address. (Doc. No. 5). Plaintiffs have a general duty to prosecute their cases. In this regard, a pro se plaintiff must keep the Court apprised of his current address. See Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988). Plaintiff's failure to keep the Court informed of his new address constitutes a failure to prosecute.

1

Rule 41(B) of the Federal Rules of Civil Procedure allows the district court to dismiss an action "[f]or failure of the plaintiff to prosecute." FED. R. CIV. P. 41(B). Before dismissing a case for failure to prosecute, a district court must consider the following factors: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." Hillig v. Comm'r of Internal Revenue, 916 F.2d 171, 174 (4th Cir. 1990).

Here, considering the four factors above, the Court finds that dismissal is appropriate. Most significantly here, Plaintiff will not be prejudiced because the dismissal will be without prejudice, and Plaintiff still has time to re-file before the statute of limitations runs on his claim. Accord Walker v. Moak, No. 07-7738, 2008 WL 4722386 (E.D. La. Oct. 22, 2008) (dismissing without prejudice a §1983 action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure where the plaintiff did not notify the court of his new address upon his release from jail).

**IT IS, THEREFORE, ORDERED** that:

1. This action is dismissed without prejudice.
2. The Clerk is directed to terminate the case.

Signed: June 10, 2013

Robert J. Conrad, Jr.
United States District Judge