**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13-cv-137-RJC**

| | |
|---|---|
| JAMES HALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **ORDER** |
| | ) |
| JOHN BRADSHAW, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Reconsideration of this Court's Order Dismissing the Case without Prejudice for Failure to Prosecute. (Doc. No. 12).

Plaintiff filed this action on May 13, 2013, pursuant to 42 U.S.C. § 1983, naming as Defendant Haywood County jail sergeant John Bradshaw, and alleging essentially that Defendant Bradshaw deprived Plaintiff of his First Amendment right to exercise his religious beliefs as a Native American, including his right have a Native American Bible, the right to have a prayer circle, the right to prayer stones, and the right to religious pieces. (Doc. No. 1 at 2). On June 12, 2013, the Court dismissed without prejudice the case for failure to prosecute because Plaintiff was released from the Haywood Correctional Center and did not inform the Court of his change of address.

On August 7, 2013, Plaintiff filed the pending motion to alter or amend the prior judgment of the Court under Rule 59(e) of the Federal Rules of Civil Procedure. With regard to

1

motions to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

Plaintiff has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. That is, Plaintiff's motion does not present evidence that was unavailable when he filed his Complaint, nor does his motion stem from an intervening change in the applicable law. Furthermore, Plaintiff has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to him. See Hill, 277 F.3d at 708. Rather, Plaintiff merely states that the correctional center neglected to send him documents regarding his lawsuit and did not forward him his mail. Furthermore, Plaintiff has not shown that failure to grant his motion would result in manifest injustice to him, as the dismissal was without prejudice.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Reconsideration, (Doc. No. 12), is **DENIED**.

/

Signed: August 28, 2013

Robert J. Conrad, Jr.
United States District Judge